UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MOORE,<br><br>Petitioner,<br><br>v.<br><br>JEFFERY MCCOMBER, et al.,<br><br>Respondents. | Case No. 25-cv-03458 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 1. On October 3, 2025, the Court directed Petitioner to file notice regarding the exhaustion of state judicial remedies because it was not clear from the petition whether Petitioner had presented all the claims he was attempting to raise in this action to the California Supreme Court before filing this action. Dkt. No. 12. Petitioner filed a response. Dkt. No. 13.

### BACKGROUND

According to the petition, Petitioner was found guilty of first degree murder with special circumstances, and sentenced on May 7, 1980, to life without the possibility of parole in state prison. Dkt. No. 1 at 1. He appealed the matter, and the state high court denied review on April 9, 2003.[1]

Petitioner attached multiple supporting documents to the petition, including a copy of a state habeas petition filed on November 5, 2024. Dkt. No. 5-1 at 46 (Ex. G). He also indicates that he has a pending petition for resentencing under Penal Code section 1172.1 in Alameda County Superior Court. Dkt. No. 1 at 4.

---

[1] See Moore v. Superior Court Alameda, et al., Case No. S113901.

Petitioner filed the instant petition on April 18, 2025. Dkt. No. 1.

## DISCUSSION

**A.**     **Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id., 455 U.S. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

In the last court order, the Court stated that it was unclear what claims Petitioner was attempting to raise in this action as he merely referred to numerous attachments to the petition (totaling 561 pages) without identifying the claims therein. Dkt. No. 12 at 2. The attached papers included documents from his original criminal trial as well as the most recent petition for resentencing which was still pending in superior court. Id. As such, it was not clear whether Petitioner had presented all the claims to the state high court *before* filing suit. Id. Petitioner was therefore directed to file notice that he had presented all the claims in the instant action to the California Supreme Court and whether the state high court issued a decision. Id. at 2-3.

Petitioner has filed a notice wherein he admits that he has not exhausted all his claims because he believes that he "cannot receive a fair and impartial hearing in state court proceedings thus exhaustion is futile." Dkt. No. 13 at 2. He asserts that this Court

2

"has well-settled authority, especially under the set of facts and circumstances described herein, to find that exhaust of petitioner's state judicial remedies are in fact futile." Id. at 3. He alleges "that due to ongoing racial bias, conflicts of interest and stall-tactics being carried out by both judges and prosecutors in Alameda County" that he "cannot/will not receive a timely, fair and/or impartial hearing regarding his Batson/Wheeler violations." Id. at 4. Petitioner states that his claims challenging his underlying conviction "have NOT been fully exhausted by the State Supreme Court." Id.

Although he asserts that the Court has "well-settled authority" to find that exhaustion is futile, Petitioner submits no caselaw in support of this argument. Rather, the Ninth Circuit's "futility doctrine" is narrow and applies "if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of intervening United States Supreme Court decision on point or any other indication that the state court intends to depart from its prior decisions." Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir. 1981). Petitioner does not assert futility based on a recent adverse state high court decision that involved the same issue raised in his petition. Rather, Petitioner merely believes that he will not be able to receive a favorable result. However, the Supreme Court later observed (in the procedural default context) that a petitioner "'may not bypass the state courts simply because [s]he thinks they will be unsympathetic to the claim.'" Alfaro v. Johnson, 862 F.3d 1176, 80-81 (9th Cir. 2017) (quoting Engle v. Isaac, 456 U.S. 107, 130 (1982)).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, see id.; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Petitioner admits that he did not present his claims to the state high court. Therefore, the California Supreme Court has not been given "the initial opportunity" to

rule on Petitioner's claims. Nor can it be said that "no state remedy remains available" as Petitioner clearly states that he decided to file directly with this Court rather than continue in the state courts. Dkt. No. 13 at 2.

Petitioner did not present the claims from the instant petition to the California Supreme Court before filing this action. Therefore, the petition is not ripe for federal review because Petitioner has still not exhausted his state judicial remedies. See Rose, 455 U.S. at 522. Therefore, this petition must be dismissed without prejudice to Petitioner filing a new federal habeas corpus petition once state remedies have been exhausted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DISMISSED** for failure to exhaust state remedies. See Rose, 455 U.S. at 510. The dismissal is without prejudice to Petitioner refiling once he has exhausted state judicial remedies, *i.e.*, the state supreme court issues a decision denying relief.

**IT IS SO ORDERED**.

Dated: November 17, 2025

EDWARD J. DAVILA
United States District Judge